UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Wilbur Knight, | Case No.: 2:24-cv-00878-APG-NJK |
| Petitioner | |
| v. | **Order Granting Motion to Reopen Case** |
| State of Nevada, *et al*., | [ECF No. 17] |
| Respondents | |

This court previously granted a stay and administratively closed this federal habeas corpus action pending the completion of petitioner Wilber Knight's state postconviction litigation. ECF No. 16. Knight now moves to reopen this case because his state court proceedings have concluded. ECF No. 17. Good cause appearing, this action is reopened.

I THEREFORE ORDER that Knight's motion to reopen the case **[ECF No. 17] is GRANTED**. The Clerk of Court is directed to reopen the file in this action.

I FURTHER ORDER Knight to file an amended petition by **August 20, 2025**.

I FURTHER ORDER the respondents to file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of the amended petition, with any requests for relief by the petitioner by motion otherwise being subject to the normal briefing schedule under the Local Rules. Any response filed should comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

I FURTHER ORDER that any procedural defenses raised by the respondents in this case be raised together in a single consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses raised either in seriatum fashion in multiple successive motions

to dismiss or embedded in the answer. Procedural defenses omitted from a motion to dismiss will be subject to potential waiver. The respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2) they should (a) do so within the single motion to dismiss not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURTHER ORDER that Knight has 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by the respondents by motion otherwise being subject to the normal briefing schedule under the Local Rules.

I FURTHER ORDER that any additional state court record exhibits filed by either Knight or the respondents be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further should be identified by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

I FURTHER ORDER that, at this time, the parties send courtesy copies of any responsive pleading or motion and indices of exhibits only to the Reno Division of this court. Courtesy

copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless requested by the court.

DATED this 17th day of June, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE